CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 24 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TIMOTHY JASON BOURNE, | ) | CASE NO. 7:14CV00160 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| SOUTHWEST VIRGINIA REGIONAL | ) | |
| JAIL AUTHORITY, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Timothy Jason Bourne, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that various unsatisfactory living conditions at Southwest Virginia Regional Jail Authority's jail facility in Haysi ("the Haysi jail") have violated his constitutional rights. Upon review of the record, the court finds that the action must be summarily dismissed.

## Background

Bourne states that because of his criminal charges, he is housed in a maximum security area at the Haysi jail, locked in his cell 22 hours per day. He asserts that he is subject to the following conditions that violate his constitutional rights: (1) officials provide plaintiff with only two rolls of toilet paper per week, which is not sufficient to meet his needs, and the commissary does not currently offer toilet paper for sale to inmates; (2) the lack of an outgoing mail box in his housing area caused one of Bourne's outgoing letters to be lost; (3) food portions are too small, soup is watery, trays do not include condiments, and inmates cannot see a menu; (4) when plaintiff complains about official's actions, they say they are following jail policies, but have refused to provide plaintiff with a copy of these policies; and (5) although inmates serving the food do wear hairnets, officers who work around inmates' food are not required to do so.

As relief in this § 1983 action, Bourne seeks injunctive relief, directing Haysi jail officials to allow inmates to purchase toilet paper and paper towels in the commissary; to install an outgoing mailbox for inmates to use; to post menus in all housing units; to provide inmates computer access to all "rules that affect[ ] inmate[s]"; and to require anyone working around food to wear a hairnet. Bourne also seeks monetary damages as to several of his claims.

## Discussion

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A plaintiff purporting to state a claim under § 1983 must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The court's review under § 1915A(b)(1) for frivolousness allows dismissal of a claim "based on an indisputably meritless legal theory" or on "factual contentions [that] are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (applying prior version of § 1915(d), authorizing courts to dismiss frivolous claims filed in forma pauperis).

### Jail Living Conditions

The Eighth Amendment protects prisoners from cruel and unusual living conditions, but "restrictive and even harsh" conditions that do not inflict harm "are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). To state a claim regarding unconstitutional conditions of confinement, a prisoner must either "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," or "demonstrate a substantial risk of such serious harm

resulting from the prisoner's unwilling exposure to the challenged conditions." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). Plaintiff must also show that the defendant officials acted with deliberate indifference toward the risk of harm posed by the challenged condition—that the official was aware of facts from which he could draw an inference that a substantial risk of harm existed, that he actually drew that inference, and that he disregarded the risk by failing to take "reasonable measures" to alleviate the risk. Farmer v. Brennan, 511 U.S. 825, 835-37 (1994).

Bourne fails to state facts indicating that any of the jail living conditions he challenges has caused, or is likely to cause him, any serious harm. His submissions do not indicate that the allegedly inadequate toilet paper supply, the unsatisfactory food portions sometimes served, the lack of a posted menu, or the officers' failure to wear hairnets around food service have caused or are likely to cause Bourne any serious health problems or injuries. Moreover, his allegations do not show that any particular jail official or officials knew of and disregarded any significant risk of serious harm posed by the challenged conditions. In any event, several of the grievance responses he received indicate that officials are attempting to improve the situations about which he complains, such as making toilet paper available for purchase and attempting to find ways to keep inmates' food warmer during the serving process. Accordingly, the court finds no factual basis here for a § 1983 claim and will dismiss these claims under § 1915A(b)(1) as legally frivolous.

### Jail Policies

Inmates retain certain First Amendment rights, including the right to send and receive mail. Thornburgh v. Abbott, 490 U.S. 401, 407-08 (1989). A prison policy that impinges on an inmate's constitutional right is valid, however, "if it is reasonably related to legitimate penological interests." Altizer v. Deeds, 191 F.3d 540, 547 (1999) (citing, Turner v. Safley, 482

3

U.S. 78, 89 (1987)); see also Block v. Rutherford, 468 U.S. 576 (1984) (noting that courts cannot substitute their own judgment on institutional management for that of prison officials); Pearson v. Simms, 345 F.Supp.2d 515, 519 (D. Md. 2003) (aff'd, 88 F. App'x. 639 (4th Cir. 2004) (holding that "occasional incidents of delay or non-delivery of mail" are not actionable under § 1983). A state official's failure to abide by state regulations is not a federal constitutional claim, Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir.1990), and is, therefore, not actionable under § 1983.

According to Bourne, in his housing area, inmates have no mailbox in which to place their outgoing letters. Instead, an inmate with an outgoing letter must give it to one of the officers, who make rounds to check on inmates every 30 minutes. If an officer is not present, the inmate may place his letter in his door for officers to collect later for mailing. Bourne complains that this latter practice exposes the personal addresses of inmates' mail recipients to trusty inmates, causes delay in mailing the letters, and on one occasion in March 2014, caused an outgoing letter to Bourne's friend to be lost or stolen. In response to Bourne's grievances about this issue, officers have responded that they will see about getting an inmate mailbox for the pod, as other pods have.

The court finds no problem of constitutional significance here, as the current policy is clearly and reasonably related to legitimate penological interests. Officials could reasonably have believed that in a lock-down pod, having officers pick up inmate letters as often as every 30 minutes was a more efficient method of collection than requiring inmates to wait to use a mailbox during their limited time outside their cells. Moreover, the current system of mail does not prevent Bourne in any way from safely exercising his right to send letters to friends and family. If he has privacy or security concerns about leaving the letter in his door for collection,

4

he must merely wait until the next officer comes by his cell. His loss of a letter on one occasion resulted not from the lack of a mailbox, but from his own choice not to wait for an officer to collect the item. The court cannot find that any minor delays or inconveniences caused by the current mail collection system constitute any deprivation of Bourne's First Amendment rights. Therefore, the court will summarily dismiss this aspect of his complaint under § 1915A(b)(1) as legally frivolous.

Similarly, Bourne's complaint about lack of access to jail policies for employees must be dismissed as frivolous. Clearly, jail officials have a legitimate security interest in restricting inmate access to many jail operating procedures, to prevent inmates from finding ways to circumvent such policies. Moreover, Bourne has no constitutionally protected right to know whether or not jail officials are violating jail policies, and such violations are not independently actionable under § 1983 in any event. Riccio, 907 F.2d at 1469.

## Conclusion

For the reasons stated, the court finds that Bourne's allegations do not provide a factual basis for any constitutional claim actionable under § 1983. Therefore, the court will summarily dismiss his complaint without prejudice, pursuant to § 1915A(b)(1), as legally frivolous. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 24th day of June, 2014.

*/s/ Jon Conrad*
Chief United States District Judge